UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE ALLEN SMITH**, <br><br>                      Petitioner, <br><br>  v. <br><br> **A. HEDGPETH, Warden, et al.**, <br><br>                      Respondents. | No. 2:07-cv-02237-AK <br><br> **ORDER** |

Steve Allen Smith, a California state prisoner represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  He was convicted of (1) corporal injury on a spouse, with an enhancement for use of a deadly weapon, (2) assault with a deadly weapon, (3) two counts of causing unjustifiable mental suffering in a child and (4) other charges.  Smith contends that convictions (1) and (2) violate the prohibition on double jeopardy and that there was insufficient evidence to convict him of (3).

## Background

Smith began beating his wife as they walked down the street, hitting, pushing and choking her.  When they reached his wife's apartment, where their daughters were, Smith continued his assault, twice ripping out the phone cord to

prevent her from calling for help.  The daughters ran out to ask a friend to call the police.  When they returned, they saw through the locked front door Smith punching his wife and hitting her in the head with a phone, even as she lost consciousness.  After Smith opened the door to the daughters, they attacked him; he fended them off but didn't fight back.  His wife lost teeth, suffered a stroke, remained hospitalized and in a nursing home for four months and still experienced partial paralysis at time of trial.  People v. Smith, No. C050287, 2007 Cal. App. Unpub. LEXIS 3146, at *3–4 (Cal. Ct. App. Apr. 19, 2007).

The California Court of Appeal affirmed Smith's conviction, and the California Supreme Court denied his petition for review.  He seeks habeas relief.

## Analysis

This court has jurisdiction to consider a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Under AEDPA, a writ will not issue unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d).

**1.**  Smith objects to the deadly weapon enhancement for his conviction of corporal injury on a spouse.  He argues that it makes assault with a deadly weapon into a lesser included offense of corporal injury on a spouse with a deadly weapon, and, therefore, his conviction of both violates double jeopardy.  Supplemental Opposition to Respondents' Answer at 5.  But the state courts' rejection of this argument wasn't "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

In appealing his conviction, Smith argued that enhancements should be considered in assessing double jeopardy claims.  He relied on Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that the facts supporting enhancements, like elements of a crime, must be found by a jury beyond a reasonable doubt.  Smith suggested that, if enhancements are treated like elements for the Sixth Amendment right to a jury trial, they must also be treated like elements for the Fifth Amendment prohibition on double jeopardy.  Appellant's Opening Brief at 13–20.  The California Court of Appeal rejected that argument in Smith, 2007 Cal. App. Unpub. LEXIS 3146, based on an earlier appellate court decision, and the California Supreme Court denied review.  Soon after Smith, the California Supreme Court embraced the same result in People v. Izaguirre, 164 P.3d 578 (Cal. 2007), and People v. Sloan, 164 P.3d 568 (Cal. 2007), and thus rejected

Smith's view of Apprendi as requiring consideration of enhancements for double jeopardy purposes.

Smith now claims the Supreme Court's decision in Sattazahn v. Pennsylvania, 537 U.S. 101 (2003), conclusively rejected the view adopted by the California courts. Supplemental Opposition to Respondents' Answer at 8–11. But Sattazahn offered only dicta on this issue. Writing for a three-Justice plurality, Justice Scalia could "think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an 'offence' for purposes of the Fifth Amendment's Double Jeopardy Clause." 537 U.S. at 111 (plurality opinion). Four dissenters generally agreed. See id. at 118 (Ginsburg, J., dissenting). But the "context" Scalia emphasized was all-important: capital sentencing. The plurality consistently limited its remarks to that context. See, e.g., id. at 112 (plurality opinion) ("[T]he Double Jeopardy Clause can, and must, apply to some capital-sentencing proceedings consistent with the text of the Fifth Amendment."). So it's entirely unclear whether Sattazahn embraces Smith's position or applies only to capital sentencing. And AEDPA's standard of "clearly established Federal law" includes only the holdings, not the dicta, of Supreme Court decisions. Williams v. Taylor, 529 U.S. 362, 412 (2000).

This court needn't decide whether Smith or the California courts are right about whether to read Apprendi as making enhancements applicable for double jeopardy purposes.  Under AEDPA, a writ may issue only if the California Court of Appeal's decision in Smith was an "unreasonable application of[] clearly established Federal law, as determined by the Supreme Court."  It wasn't.  There isn't clearly established Supreme Court precedent on point here, so it's impossible for the California court to have misapplied precedent that didn't exist.

**2.**  Smith also argues there was insufficient evidence to convict him of inflicting mental suffering on his children because they didn't testify to mental suffering and his actions that caused their suffering (his assault on his wife) weren't directed at the children.  The children's testimony wasn't necessary; as the California Court of Appeal said, "they saw defendant beating their mother unconscious.  They both reacted frantically . . . and then thrashed out at defendant violently when they finally got inside.  A reasonable inference—indeed, the only reasonable inference—is that they suffered mentally."  Smith, 2007 Cal. App. Unpub. LEXIS 3146, at *7.  That conclusion is entirely reasonable.  And there's no basis in the California statute or California case law to support Smith's claim that "'bystander' or 'secondary' infliction of mental distress" doesn't count.  Appellant's Opening Brief at 25.  Anyway, construing the scope of the statute is a

matter for the California courts, not this court.  Estelle v. McGuire, 502 U.S. 62 (1991).

                \*           \*           \*

Miller hasn't shown that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**PETITION DENIED.**

June 22, 2011

*[signature]*

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation